340 So.2d 935 (1976)
James Brinton ROBINSON, Appellant,
v.
Ruth Alene ROBINSON, Appellee.
No. 75-2160.
District Court of Appeal of Florida, Fourth District.
November 19, 1976.
*936 Jon S. Rosenberg of Marvin E. Newman & Jon S. Rosenberg, Orlando, for appellant.
Michael L. Marlow of Wombles, Marlow & Appleton, Winter Park, for appellee.
ALDERMAN, Judge.
This is an appeal and cross-appeal from a final judgment of divorce.
Appellant-husband first contends that the court below erred in finding that the parties had equal interests in the marital home and thereby, upon dissolution of the marriage, became tenants in common. The legal title to the home was in the husband. The trial court's finding was not based upon an award of lump sum alimony or a determination of a special equity. The trial judge concluded that even though legal title was in the husband the evidence established that the intent of the parties was that the home be owned by them jointly. The issue of ownership was not specifically raised by the pleadings; however, without objection from either party the issue was presented, considered and ruled on by the trial court. When issues not raised by the pleadings are tried by express or implied consent of the parties, they may be treated by the trial court in all respects as if they had been raised in the pleadings. Fla.R.Civ.P. 1.190(b). We have reviewed the record on appeal and conclude that there was sufficient evidence to support the trial court's finding that the parties had an equal interest in the marital home.
We have considered the other points raised by appellant-husband, and with one exception find them to be without merit. The trial court granted to appellee-wife the possession and occupancy of the marital home until the youngest child of the parties is eighteen years of age. Such an award is proper because it is in the nature of maintenance as an incident of child custody. Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970); Brown v. Brown, 123 So.2d 298 (Fla. 3d DCA 1960).
However, the final judgment further provided:
"The parties are hereby refrained [sic] from encumbering or disposing his or her interest in said property without the prior written consent of the other which will not be unreasonably withheld in the case of necessary repairs."
We hold that the provision quoted above exceeded the authority of the trial court. Each of the parties, after dissolution of the marriage, owned an undivided one-half interest in the home as tenants in common. The undivided one-half interest of the appellant-husband is restricted by the right of appellee-wife, under the terms of the final judgment, to possession and occupancy of the home until the youngest child of the parties is eighteen. Subject to this restriction, appellant-husband should be able otherwise to encumber or dispose of his interest. *937 Any purchaser of appellant-husband's undivided interest would have to take title subject to appellee-wife's right of possession, as provided in the final judgment. Restraining the appellant-husband from encumbering or disposing of his interest in the property without prior written consent of his former wife is not essential to appellee-wife's right of possession and occupancy during the minority of the children. The parties themselves could agree to such a restriction on their property rights, but in the absence of such an agreement it may not be imposed by the court.
Wife, as cross-appellant, has also appealed the trial court's denial of her request for alimony. A close question is presented. However, considering all of the factors in this case, we conclude that there has not been a clear showing of an abuse of discretion on the part of the trial judge in denying alimony.
Accordingly, that portion of the final judgment quoted above which prevents each party from encumbering or disposing of his or her interest in the marital home without the prior written consent of the other is reversed; in all other respects the final judgment is affirmed.
MAGER, C.J., and GREEN, OLIVER L., Jr., Associate Judge, concur.