OVERTON, Senior Justice.
On October 29, 1998, this Court issued an opinion modifying a number of the Florida Family Law Rules effective February 1, 1999. See Amendments to Florida Family Law Rules of Procedure, 723 So.2d 208 (Fla.1998). Given the nature of the modifications, we encouraged comments to be filed and we stated that we would review the comments prior to the effective date of the modifications. In this opinion, we address the comments that were filed and we again modify the rules consistent with many of the recommendations outlined in the comments.
RULES 2.051 AND 12.400 — CONFIDENTIALITY OF RECORDS AND PROCEEDINGS
The Florida Department of Revenue has applauded this Court’s findings regarding the presumption of openness of records in family law cases. However, the department notes that federal law directs states to enact laws requiring the recording of social security numbers for use in certain family law matters and that such information should always be sealed because federal and state law require that it be kept confidential. To that end, the department recommends that we amend Florida Rule of Judicial Administration 2.051(c)(7) to provide for the sealing of “all records made confidential under the Florida and United States Constitutions and Florida and federal law.” We adopt this recommendation.
RULE 12.365-EXPERT WITNESSES
In our October 29 opinion, we adopted Florida Family Law Rule 12.365 entitled “Expert Witnesses.” The rule governs the appointment of experts by the court and was adopted to clarify confusion regarding deposing expert witnesses and to assist in reducing costs. A number of circuit judges filed comments pointing out problems with the rule. The judges note potential problems involving statutory conflicts, the need for pretrial disclosure in certain circumstances, changes in expert opinions before trial, and unnecessary expenses that would be incurred for experts when cases settle. We find the comments to have merit, and we have amended the rule accordingly.
*1074 RULE 12.610 — INJUNCTIONS FOR DOMESTIC AND REPEAT VIOLENCE
We received a number-of comments requesting that requests for modifications of injunctions in domestic and repeat violence cases be made by motion rather than supplemental petition and that service of such motions to modify be made by mail rather than by personal service. After further consideration, we agree we those recommendations. However, we conclude that, when the nonmoving party is not represented by an attorney, service must be in accord with rule 12.070 or the moving party must file with the court proof that the nonmoving party personally received a copy of the motion.
RULE 12.615 — CIVIL CONTEMPT
The new rule governing civil contempt in family law cases generated the most comments. Almost all comments favored adoption of the rule but a number of clarifying modifications were proposed. In sum, the comments requested that (1) the rule allow for compensatory fines; (2) the notice requirement be amended to correspond to the statute; (3) the finding of contempt as to willful failure to pay support and the finding for an appropriate purge of that contempt be based on the present ability to pay; (4) the term “immediately brought before the court” be defined; (5) the statutory presumption of ability to pay be incorporated into the rule; (6) when incarceration is deferred to allow for a purge, the movant be required to file an affidavit of noncompliance to allow for issuance of a writ of bodily attachment; (7) a purge amount be set by the court before a writ of bodily attachment is issued; (8) a second hearing not be required when the deferral of incarceration is only for a forty-eight hour period of time; (9) because a writ of bodily attachment is not always required when a contemnor fails to appear, the issuance of such a writ be discretionary rather than mandatory; (10) the rule allow for the granting of any other required relief; (11) the rule direct that the notice of hearing inform the contemnor as to what will occur if the contemnor fails to appear; and (12) the rule be expanded to cover payment of court-ordered attorney’s fees and costs. Some of these suggestions were rejected in our October 29 opinion. Most, however, have merit. Accordingly, we have modified the new rule to incorporate all of the suggestions but items (2), (5), and (12).[1] Specifically, as to suggestion (8), we find that a forty-eight-hour deferral of incarceration may be imposed without triggering the need for a second hearing on a contemnor’s present ability to pay. We do so because we agree that a contrary finding will result in a substantial decrease in deferrals, which are designed to serve the interests of all affected parties in these types of proceedings. Notably, as this contempt rule is applied, continued refinement may be required. As such, we will continue to consider comments regarding this rule as the need arises.
MISCELLANEOUS COMMENTS
In addition to detailed suggestions regarding changes to the rules, we also received several comments contending that the rules are still too complicated, especially for lower income individuals. As we have stated in prior opinions, we direct the Florida Family Law Rules Committee to continue to work towards simplification of the family law rules.
Accordingly, we adopt the amendments to the rules as set forth in the attached appendix, effective 12:01 a.m., February 1, 1999. The amendments to rules 12.365, 12.610, and 12.615 are shown as changes to those rules as adopted or amended by our opinion of October 29, 1998, even though those changes have not yet taken effect. The amendments adopted on October 29 *1075 that are not affected by the current changes will still take effect on the date stated in the October 29 opinion. See 712 So.2d at 216.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD and PARIENTE, JJ„ and KOGAN, Senior Justice, concur.
APPENDIX
Rule 2.051. Public Access to Judicial Records
(a) Generally. Subject to the rulemak-ing power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government and its agencies. The public shall have access to all records of the judicial branch of government and its agencies, except as provided below.
(b) Definition. Judicial records for this rule refer to documents, exhibits in the custody of the clerk, papers, letters, maps, books, tapes, photographs, films, recordings, data processing software or other material created by any entity within the judicial branch, regardless of physical form, characteristics, or means of transmission, that are made or received pursuant to court rule, law or ordinance, or in connection with the transaction of official business by any court or court agency.
(c) Exemptions. The following records of the judicial branch and its agencies shall be confidential:
(1)Trial and appellate court memoran-da, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court’s judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record;
(2) Memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed shall be no broader than necessary to protect the compelling governmental interest involved, and a finding shall be made that no less restrictive measures are available to protect this interest. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge of the court involved, with the concurrence of either the chief judge of the next highest appellate court or the Chief Justice;
(3)(A) Complaints alleging misconduct against judges, until probable cause is established;
(B) Complaints alleging misconduct against other entities or individuals licensed or regulated by the courts, until a finding of probable cause or no probable cause is established, unless otherwise provided. Such finding should be made within the time limit set by law or rule. If no time limit is set, the finding should be made within a reasonable period of time;
(4) Periodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated therefrom;
(5) Only the names and qualifications of persons applying to serve or serving as unpaid volunteers to assist the court, at the court’s request and direction, shall be accessible to the public. All other information contained in the applications by and evaluations of persons applying to serve or serving as unpaid volunteers shall be confidential unless made public by court order based upon a showing of materiality *1076 in a pending court proceeding or upon a showing of good cause;
(6) Copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made;
(7) All records made confidential under the Florida and United States Constitutions and Florida and federal law;
(8) All court records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;
(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(in) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
(B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A);
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A); and
(D) except as provided by law or rule of court, reasonable notice shall be given to the public of any order closing any court record.
(10)The names and any identifying information of judges mentioned in an advisory opinion of the Committee on Standards of Conduct for Judges.
(d) Review of Denial of Access Request. Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus, or other appropriate appellate remedy, in the following manner:
(1) Where a judge has denied a request for access to records in the judge’s possession or custody, the action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
Requests and responses to requests for access to public records under this rule shall be made in a reasonable manner. Rule 12.365. Expert Witnesses
(a) Application. The procedural requirements in this rule shall apply whenever an expert is appointed by the court or retained by a party. This rule applies to all experts including, but not limited to, medical, psychological, social, financial, vocational, and economic experts. Where in conflict, this rule shall supersede Florida Rule of Civil Procedure 1.360.
(b) Communication with Court by Expert. No expert may communicate with the court without prior notice to the parties and their attorneys, who shall be afforded the opportunity to be present and heard during the communication between the expert and the court. A request for *1077 communication with the court may be conveyed informally by letter or telephone. Further communication with the court, which may be conducted informally, shall be done only with notice to all parties.
(c) Opinion of Expert Appointed by the Court,
(1) Sendee. Any opinion of an expert appointed by-the court shall be served in writing on the parties within 10 days of-the formation of the opinion, but not less than 30-da-ys before trial.'
(2) Discovery. The parties shall be permitted a-reasonable opportunity to conduct discovery after sendee of the experts-opinion including,-but not limited to, the right to take the deposition of the expert..
(3) Submission to.Court, — No expert opinion shall be-filed — with or otherwise submitted to-the court until the ■ opiniom-is introduced-as-evidence at a hearing with notice to all-parties.
(d) Opinion of Expert Not Appointed by Court,
(1) Service. — Any opinion of an-expert retained by a party-wlm is expected to testify at trial shall be-se-rved in writing on-all-other-par-ties-within 10 days of formation-of-the opinion, but not less than 30 days-before trial.
(2) Discovery. The parties shall be permitted a reasonable opportunity to conduct discovery after service of the expert’s opinion including, but not limited to,' the ■ right to take the deposition of-the-exper-t.-
(3) Submission to — Court—No expert opinion- shall be filed with -or-otherwise submitted to the court until the opinion-is introduced as evidence at a hearing with notice to all ■parties.
4e)(c) Use of Evidence. The court shall not entertain any presumption in favor of a court-appointed expert’s opinion. Any opinion by an expert may be entered into evidence on the court’s own motion or the motion of any party in a manner consistent with the rules of evidence, subject to cross-examination by the parties.
CfKd) Evaluation of Minor Child. This rule shall not apply to any evaluation of a minor child under rule 12.363.
Committee Note
1998 Adoption. This rule establishes the procedure to be followed for the use of experts. The District Court of Appeal, Fourth District, has encouraged the use of court-appointed experts to review financial information and reduce the cost of divorce litigation. Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993). Additionally, section 90.615(1), Florida Statutes, allows the court to call witnesses whom all parties may cross-examine. See also Fed.R.Evid. 706 (trial courts have authority to appoint expert witnesses).
Rule 12.610. Injunctions for Domestic and Repeat Violence
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence if they certify under oath that
(i) the party filing the injunction and the party against whom the injunction is sought are spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, or persons who have a child in common regardless of whether they have been married or have resided together at any time;
(ii) the party filing the petition was the victim of, or has reasonable cause to *1078 believe he or she is in imminent danger of becoming the victim of an assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death perpetrated by the party against whom the injunction is sought; and
(iii) the specific facts and circumstances upon the basis of which relief is sought are true.
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence if they certify under oath that
(i) two incidents of violence, defined as any assault, battery, sexual battery or stalking, one of which must have occurred within 6 months of the filing of the petition, have been committed by the person against whom the injunction is sought against the petitioner or the petitioner’s immediate family member; and
(ii) the specific facts and circumstances upon the basis of which relief is sought are true.
(2)Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic or repeat violence other than petitions, supplemental petitions, and orders granting injunctions shall be governed by rule 12.080— except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pendency of the proceedings.
(3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic or repeat violence as provided by law.
(B) Confidential Filing of Address. A petitioner’s address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
*1079 (c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic or repeat violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits or may receive additional testimony under oath if necessary for a determination of whether an immediate and present danger of domestic or repeat violence exists. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition.
(B) Permanent Injunction. A full evidentiary hearing shall be conducted.
(2) Issuing of Injunction.
(A) Standardized Forms. The temporary and permanent injunction forms in these rules for repeat and domestic violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms on the written approval of the chief judge of the circuit. Copies of such additional provisions shall be sent to the Chief Justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Courts Steering Committee, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic or repeat violence. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic or repeat violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic or repeat violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic or repeat violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic or repeat violence, the clerk shall forward a copy of the injunction to the sheriff with *1080 jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic or repeat violence shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic or repeat violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Supplemental PetitionMotion to Modify or Vacate Injunction. The petitioner or respondent may move file a supplemental petition with the court to modify or vacate an injunction at any time. Service of a motion supplemental petitions to modify or vacate injunctions shall be governed by subdivision 12.610(b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accord with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic or repeat violence.
Commentary
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp.1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Family Law Form 12.980(b). An injunction for protection against domestic or repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pen-dency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in section 741.30(6).
The facts and circumstances to be alleged under subdivision (b)(1)(B) include those set forth in Florida Family Law Form 12.980(d). The relief the court may grant in a temporary or permanent injunc *1081 tion against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.80(2)(c)1 and (2)(c)2, Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction Act affidavit must be provided and completed in conformity with Family Law Form 12.901(f). If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Family Law Form 12.901(d) or 12.901(e).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(a), Florida Statutes, to make the limitation of evidence presented at an ex parte hearing permissive rather than mandatory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statutes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (c)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(b)3 and (7)(c)1 and 784.046(8)(a)l, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(a)3 and (7)(c)1 and 784.046(8)(c)l, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(1)(c), Florida Statutes, in the event a subsequent cause of action is filed under chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(e)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist *1082 a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.
Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized form to assist in enforcement of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions.
Rule 12.615. Civil Contempt in Support Matters
(a) Applicability. This rule governs civil contempt proceedings in support matters related to family law cases. The use of civil contempt sanctions under this rule shall be limited to those used to compel compliance with a court order or to compensate a movant for losses sustained as a result of a contemnor’s willful failure to comply with a court order. Contempt sanctions intended to punish an offender or to vindicate the authority of the court are criminal in nature and are governed by Florida Rules of Criminal Procedure 3.830 and 3.840.
(b) Motion and Notice. Civil contempt may be initiated by motion. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served by mail provided notice by mail is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: “FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.” tT he motion must recite the essential facts constituting the acts alleged to be contemptuous.
(c) Hearing. In any civil contempt hearing, after the court makes an express finding that the alleged contemnor had notice of the motion and hearing:
(1) the court shall determine whether the movant has established that a prior order directing payment of support was entered, that-the- order was based-on — a finding that the alleged contemnor had-tha ability to pay the -support ordered, and that the alleged contemnor has failed to pay all or part of the support set forth in the prior order; and
(2) if the court finds the movant has established all of the requirements in subdivision 12.615(c)(1) of this rule, the court shall,
(iA) if the alleged contemnor is present, determine whether the alleged con-temnor has — established that the alleged contemnor' no longer-has-the-present abil-ity^-to-pay support. — If the court finds that the alleged-eeatemnor has had the present ability to pay support and willfully failed to pay such support, the-court is-to-determine whether the failure to pay such support is wili-fuí;
(SB) if the alleged contemnor fails to appear, set a reasonable purge amount based on the individual circumstances of the parties. The court may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be immediately brought before the court within 48 hours for a hearing on whether the alleged con-temnor has the present ability to pay support and, if so, whether the failure to pay such support is willful.
(d) Order and Sanctions. After hearing the testimony and evidence presented by each party, the court shall enter a *1083 written order granting or denying the motion for contempt.
(1) An order finding the alleged contem-nor to be in contempt shall contain a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor has had the present ability to pay support, and that the alleged contemnor has ■ willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based.
(2) If the court grants the motion for contempt, the court may impose appropriate sanctions to obtain compliance with the order including incarceration, attorneys’ fees, suit money and costs, compensatory or coercive fines, and any other coercive sanction or relief permitted by law provided the order includes a purge provision as set forth in subdivision 12.615(e) of this rule.
(e) Purge. If the court orders incarceration, a coercive fine, or any other coercive sanction for failure to comply with a prior support order, the court shall set conditions for purge of the contempt, based on the contemnor’s present ability to comply. The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding. The court may grant the contemnor a reasonable time to comply with the purge conditions. If the court orders incarceration but defers incarceration for more than 48 hours to allow the contemnor a reasonable time to comply with the purge conditions, and the contemnor fails to comply within the time provided, the movant shall file an affidavit of noncompliance with the court. If payment is being made through the Central Governmental Depository, a certificate from the depository shall be attached to the affidavit. The court then may issue a writ of bodily attachment. theSr-uUpcm incarceration, the contemnor must be brought immediately before the court within 48 hours for a determination of whether the contemnor continues to have the present ability to pay the purge.
(f) Review after Incarceration. Notwithstanding the provisions of this rule, at any time after a contemnor is incarcerated, the court on its own motion or motion of any party may review the contemnor’s present ability to comply with the purge condition and the duration of incarceration and modify any prior orders.
(g) Other Relief. Where there is a failure to pay support or to pay support on a timely basis but the failure is not willful, nothing in this rule shall be construed as precluding the court from granting such relief as may be appropriate under the circumstances.
Commentary
1998 Adoption. This rule is limited to civil contempt proceedings. Should a court wish to impose sanctions for criminal contempt, the court must refer to Florida Criminal Rules of Criminal Procedure 3.830 and 3.840 and must provide the alleged contemnor with all of the constitutional due process protections afforded to criminal defendants. This rule is created to assist the trial courts in ensuring that the due process rights of alleged contem-nors are protected. A court that adjudges an individual to be in civil contempt must always afford the contemnor the opportunity to purge the contempt. The contempt notice in Form 1.982, Rules of Civil Procedure, may be used to initiate civil-contempt proceedings-under- this-rule-.-

. Many comments made suggestions on the same issue but the actual suggested modifications varied from comment to comment. We have implemented those suggestions that we believe best accommodate the concerns raised by the comments.