KLEIN, J.
The appellee father brought this action in the trial court to award him primary *1287 residential custody of his child. The'mother responded with a counterclaim asking the trial court to determine paternity and grant her custody and child support. The trial court awarded custody to the father, and the mother appeals.
We find no abuse of discretion in the award of primary residential custody to the father.
The mother also argues that the trial court could not have required her to pay child support because the father did not seek it in his pleadings. We disagree. Section 742.031(1), Florida Statutes (1999), which governs paternity actions, provides that the “court shall order either or both parents owing a duty of support to the child to pay support pursuant to s. 61.30.” See also Lester v. Lester, 736 So.2d 1267 (Fla. 4th DCA 1999)(parents may not waive their child’s right to support).
The mother also contends that- the trial court erred in not awarding her retroactive child support during the period in which she had custody of the child. The child was born in 1991 and lived with the mother until sometime in 1996, when she placed the child with the father. The child continued to live with the father until the middle of 1999. The trial court decided not to award retroactive child support to the mother because the father was also entitled to retroactive child support. He concluded that the claims balanced each other out. Although awarding retroactive child support is the rule rather than the exception, Young v. Young, 746 So.2d 1074 (Fla. 4th DCA 1999), it is reviewed under the abuse of discretion standard. Id. We find no abuse of discretion under the specific facts in this case.
We have considered the other issues raised by the mother and find them to be without merit. Affirmed.
TAYLOR and HAZOURI, JJ., concur.