PER CURIAM.
 

 Nicholas Scariti (“father”) appeals the trial court’s final judgment of paternity, challenging provisions relating to a geographic relocation restriction, retroactive child support, and the amount of income imputed to Erika Sabillon (“mother”).
 

 In March 2004, the father filed a petition to determine paternity and for related relief, including judicial determinations concerning custody, parental responsibility, and child support. The clerk entered a default against the mother due to her failure to serve a timely response. Several days before the June 2007 trial, the mother moved to vacate the default and filed an answer and counterpetition seeking retroactive child support. The court denied the motion and the default remained in place.
 

 After the trial in which both parties participated, the court entered a final judgment of paternity requiring, among other things, that the parents have shared parental responsibility of the minor child. The court declined to designate a primary residential custodian. The final judgment also prohibited either party from relocating from Palm Beach County absent written agreement or prior court order.
 
 [1]
 
 For purposes of child support, the court found that the father earned a net monthly income of $9,769, which would increase effective October 1, 2007 to $10,869 per month, and imputed to the mother $2,031 in net monthly income. In addition to ordering the father to pay child support, the court required him to pay $35,701.44 in retroactive child support.
 
 [2]
 

 Geographic Relocation Restriction
 

 The father argues that the court erred by imposing a specific geographic relocation restriction upon the parties because no pleading sought that relief and because the trial court mistakenly concluded that section 61.13001, Florida Statutes (2007), (“the relocation statute”) did not apply. That statute would have imposed a comprehensive procedural mechanism to be used by the parties if either decided to move more than fifty miles from a primary residence.
 

 The record shows that the relocation restriction was tried by consent. “When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” Fla. R. Civ. P. 1.190(b). “An issue is tried by consent when there is no
 
 *146
 
 objection to the introduction of evidence on that issue.”
 
 LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon-ANF, Inc.,
 
 842 So.2d 881, 887 (Fla. 4th DCA 2003);
 
 see also Robinson v. Robinson,
 
 340 So.2d 935, 936 (Fla. 4th DCA 1976) (an issue not raised in the pleadings is tried by implied consent where the issue is presented, considered, and ruled on by the trial court without objection).
 

 The father presented evidence and arguments in favor of a residency relocation restriction. He testified that he lived in Palm Beach Gardens and had worked for the same company in West Palm Beach for thirteen years. The father argued that he was intent on remaining in Palm Beach County, but that the mother threatened to leave and had violated a previous temporary residency restriction by moving out of the county.
 

 Accordingly, such a restriction would have been within the trial court’s discretion had it not hinged its decision on an erroneous reading of the relocation statute.
 

 At the conclusion of the trial, the trial court orally pronounced that the relocation statute did not apply because the court was not designating a “primary parent.” As a result of the announced inapplicability, the court indicated it was imposing relocation restrictions more restrictive than those provided in the more general relocation statute. Contrary to the trial court’s conclusion of law, the relocation statute applies even in the absence of the designation of a primary residential parent. Section (l)(f) of the relocation statute, states that when neither parent has been designated as the primary residential parent, the “person entitled to be the primary residential parent of a child” is the person seeking to relocate with the child who must, therefore, the statute implies, comply with the procedural provisions set forth.
 
 [3]
 

 Because the trial court’s entire basis for adopting its own more burdensome relocation restriction was a misapprehension of the relocation statute, we reverse with instructions to strike the court-imposed relocation restriction from the final judgment. Thereupon the trial court shall exercise its discretion in light of our determination that the relocation statute applies.
 

 Retroactive Child Support
 

 The father contends that the trial court erred in considering and subsequently ordering retroactive child support in light of the default against the mother and lack of notice. The mother claims that this issue was tried by consent of the parties.
 

 As to the issue of the lack of a pleading requesting it, this court has recognized that a trial court can award support even where it is not sought in the pleadings. In
 
 Freetly v. Mascolo,
 
 757 So.2d 1286 (Fla. 4th DCA 2000), the father brought an action seeking primary residential custody. The trial court awarded him custody and awarded child support, citing section 742.031(1), Florida Statutes (1999), which provides that the “court shall order either or both parents owing a duty of support to the child to pay support pursuant to s. 61.30.”
 
 Id.
 
 at 1287.
 

 In
 
 Mason v. Reiter,
 
 564 So.2d 142 (Fla. 3d DCA 1990), the trial court awarded child support retroactive to the date of birth after the mother filed a paternity action against the father. The Third District held that the trial court did not err in awarding retroactive child support even
 
 *147
 
 though it was not requested, because the child’s needs began at birth and the father presented no evidence which would prevent such an award.
 

 In this case, however, the father suggests that a
 
 defaulted
 
 party is not permitted to seek calculation of retroactive child support without notice as to the scope and nature of the relief sought. Given the fact that the mother defaulted without ever filing a pleading that was permitted by the court, the father is correct when he suggests that the issue of retroactive child support should not have been considered by the trial court. Nevertheless, the father consented to the court’s consideration of the issue by failing to object. An issue not raised in the pleadings is tried by implied consent where the issue is presented, considered, and ruled on by the trial court without objection.
 
 LRX,
 
 842 So.2d at 887;
 
 Robinson,
 
 340 So.2d at 936.
 

 At the outset of the trial, the court advised the parties that the issue of retroactive child support was within the scope of the court’s ruling. The father’s counsel did not object. As a matter of fact, while the father argues on appeal that the trial court did not permit him to argue or even object to the court’s consideration of retroactive child support, the record reveals that he made no attempt to lodge an objection.
 

 Competent substantial evidence supports the award of retroactive child support and the amount ordered by the trial court.
 

 Imputed Income to Mother
 

 The father contends that the trial court’s imputation of $2,031 in net monthly income to the mother was insufficient. “The standard of review governing a trial court’s imputation of income is whether the determination is supported by competent, substantial evidence.”
 
 Chipman v. Chipman,
 
 975 So.2d 603, 608 (Fla. 4th DCA 2008) (citation omitted);
 
 Schram v. Schram,
 
 932 So.2d 245, 249 (Fla. 4th DCA 2005). When imputing income, the trial court takes into consideration recent work history, occupational qualifications, and the prevailing earnings level in the community.
 
 Chipman,
 
 975 So.2d at 608; § 61.30(2)(b), Fla. Stat. (2007).
 

 The mother, who has a high school GED, admitted that in 2004 she earned $4,000 to $5,000 a month by operating her own landscaping business. On cross-examination she clarified that the amount she earned each month varied and that she earned $2,000 or $4,500 before expenses in a “good month” and $1,000 before expenses in a “bad month.” The most she ever earned was $22,000 a year before expenses. The court’s imputation of. $2,031 per month, which equals $24,372 a year, was actually greater than the amount provided in her testimony. The mother dissolved her business in 2006 because it was doing so poorly. Her only other work experience was as a restaurant waitress when she was seventeen years old and working at her mother’s flower arrangement business.
 

 The court did not abuse its discretion in concluding that she had the ability to earn $2,031 a month based on her prior income, occupational history, and experience. The amount of income the court imputed was not less than her most recent earnings, but rather was consistent with it.
 

 Affimed in part, reversed in part, and remanded.
 

 POLEN, HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . While the trial court orally pronounced a specific forty-mile restriction (and on appeal the parties discuss this issue in their briefs), the court did not reduce the forty-mile restriction to writing in the final judgment. Instead, the court orally pronounced and then memorialized in writing an additional and separate geographic restriction prohibiting the parties from relocating from Palm Beach County.
 

 [2]
 

 . Paragraph 5 of the final judgment of paternity indicates that the parties “agree” to the retroactive child support and the amount thereof. Based on the trial record and the points raised on appeal, it is clear that there was no such agreement.
 

 [3]
 

 . Effective October 1, 2008, this subsection was deleted from the relocation statute. Ch. 2008-61, § 9, Laws of Fla.