SILBERMAN, Judge,
Concurring specially.
I concur in the decision -to reverse but make the following observations.
First, Bank of America presented evidence through its sole witness attempting to establish it had properly sent a notice of default, thereby performing that condition precedent to foreclosure. Asbury challenged the ■ evidence, including the witness’s competence to testify as to the sending of the. notice. But she then elicited specific testimony from tlie witness supporting Bank of America’s contention that the default notice was properly sent. In fact, based on Asbury’s prodding, the witness testified that Bank of America’s business records would establish the mailing.
Bank of America then resumed questioning the witness. Oddly, rather than introducing the business records into evidence or obtaining additional testimony regarding mailing of the default notice, Bank of America instead got its witness to agree that it was possible a default letter would not be mailed but would instead be “sent to the trash can.”
*812 The majority correctly observes that As-bury failed to properly raise Bank of America’s noncompliance with a condition precedent as an affirmative defense. However, based on the evidence summarized above and the rest of the trial transcript, Asbury might have been able to make a colorable argument both in the trial court and on appeal that the issue was tried by consent. See C.J. v. Dep’t of Children & Family Servs., 9 So.3d 750, 755 (Fla. 2d DCA 2009); Scariti v. Sabillon, 16 So.3d 144, 145-46 (Fla. 4th DCA 2009). But Asbury never made that argument.
Second, in announcing judgment for As-bury, the trial court ruled that “there’s no — nothing in the evidence to satisfy the Court’s need to know that the default letter was mailed.” The court noted the testimony of the sole witness regarding a postal bar code that was contained in Bank of America’s records. The witness had testified that the bar code proved the default letter was sent and went through the mail. The trial court rejected the testimony as hearsay even though no objection was made and, in fact, Asbury had elicited that testimony. Although on appeal Bank of America points to the testimony as establishing its compliance with the condition precedent, it failed to argue to the trial court that the testimony should have been accepted as proof of compliance. See Aills v. Boemi, 29 So.3d 1105, 1108-09 (Fla.2010) (recognizing that for an argument to be preserved for appeal, the specific legal ground on which the claim is based must be asserted in the trial court).
Based on the foregoing and Asbur/s failure to plead the affirmative defense of noncompliance with a condition precedent, I concur in the majority decision.