# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2659
LT Case No. 2020-DR-000992

_____

JUAN ULISES RAMIREZ,

    Appellant,

    v.

TIFFANY R. GREGORY,

    Appellee.

_____

On appeal from the Circuit Court for Hernando County.
Thomas R. Eineman, Judge.

Felicia M. Williams, Miami, and Shiobhan Olivero, of Olivero
Law, P.A., Brandon, for Appellant.

Windy L. Wilkerson, of Wilkerson Law Firm, P.A., Brandon,
for Appellee.

February 14, 2025

PER CURIAM.

Juan Ramirez ("Father") timely appeals the circuit court's
Amended Final Judgment of Paternity, which determined time-
sharing and child support issues with regard to the child ("Child")
that Father shares with Tiffany Gregory ("Mother"). This Court
has jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Father contends
that the trial court erred when it (1) decided summer time-sharing;

(2) declined to impute income to Mother; (3) ordered him to pay toward Child's health insurance; (4) ordered him to pay the full cost of Child's health insurance, which the court calculated as $265 per month; and (5) awarded Mother retroactive child support payments. We affirm, without further discussion, as to the first four issues. However, we reverse as to the circuit court's award of retroactive child support.

"A trial court lacks jurisdiction to enter any judgment on an issue not raised by the pleadings," *Newberry v. Newberry*, 831 So. 2d 749, 751 (Fla. 5th DCA 2002) (citing *Cortina v. Cortina*, 98 So. 2d 334 (Fla. 1957)), unless the issue is tried with the express or implied consent of the parties, *see id.*; *Scariti v. Sabillon*, 16 So. 3d 144, 145 (Fla. 4th DCA 2009). "An issue is tried by consent when there is no objection to the introduction of evidence on that issue." *Scariti*, 16 So. 3d at 145–46. Here, retroactive support was not raised by the pleadings, and Father objected when Mother attempted to introduce evidence on the issue. Only after the objection was overruled did Father present his own evidence on the matter. Therefore, retroactive support was neither pled nor tried by consent, and we must reverse the retroactive support award.

REVERSED in part; AFFIRMED in part.

HARRIS, KILBANE, and PRATT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

2