PER CURIAM.
The 1999 Florida Legislature enacted new legislation[1] requiring parental notification, or judicial waiver thereof, before an abortion may be performed on a minor. Because this new legislation was only recently signed by the Governor on June 11, 1999, and because the effective date of this new legislation is July 1, 1999, there exists insufficient time to conduct the general rule-making procedures prescribed in Rule of Judicial Administration 2.130(b).
We therefore adopt on an emergency basis Florida Rule of Civil Procedure 1.840 and accompanying Form 1.999, as well as amendments to Florida Rule of Appellate Procedure 9.110(Z).[2] Of course, in so doing, we express no opinion on the substance of the new legislation. Furthermore, by adopting rule 1.840 and form 1.999 as part of the civil rules and forms, it is not our intent to preclude any other circuit court judge (e.g., a family court judge or juvenile court judge) from presiding over these petitions. Rather, we leave that question to the individual circuits.
We direct that these amendments be published in The Florida Bar News, ,and that any interested person file comments thereon with this Court within sixty days of such publication.
We accordingly adopt on an emergency basis the amendments to the Civil Rules and Forms and the Appellate Rules as set forth in the attached appendix. These amendments shall become effective 12:01 a.m., July 1, 1999, to coincide with the new legislation that takes effect that date. Additions are indicated by underlining; deletions are indicated by strike-through type.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
Rule 1.840. JUDICIAL WAIVER OF PARENTAL NOTICE OF ABORTION
(a) Applicability. This rule applies to-proceedings instituted pursuant to section 390.01115; Florida Statutes, effective July 1,1999.
(b) Commencement. A petition for judicial waiver of parental notice'of abortion-shall be commenced by filing a petition' in circuit court. No filing fee or court costs shall be assessed against the petitioner.
(c) Petition. The petition shall include:
(1) the name of the minor, and a telephone number and address for confidential notice;
(2) the name, address, and telephone number of the petitioner, if other than the minor, and the relationship of the petitioner to the minor;
(3) the date of birth of the minor;
(4) a statement that the minor is preg- ■ nant and notice has not been waived;
(5) a statement that the minor desires to terminate her pregnancy without notice to a parent or legal guardian; and
*28 (6) a short and plain statement of the facts and the basis for establishing any of the following:
(A) The minor is sufficiently mature to decide whether to terminate her pregnancy.
(B) The minor is a victim of child abuse or sexual abuse by one or both of her parents or guardian.
(C) Notification of a parent or guardian is not in the best interest of the minor.
(d) Guardian ad litem. As provided by section 390.01115(4)(a), Florida Statutes, the court may appoint a guardian ad litem for the minor. A guardian ad litem appointed under the statute shall act to maintain the confidentiality of the proceedings.
(e) Counsel. As provided by section 390.01115(4)(a), Florida Statutes, the circuit court shall advise the minor that she has a right to court-appointed counsel and shall provide the minor with counsel upon her request.
(f) Notice of Hearing. Before a hearing is held, notice shall be given to the minor, or the petitioner, if other than the minor, or, if the petition is filed by counsel, to counsel. Notice also shall be given to the minor’s guardian ad litem if one has been appointed under section 390.01115(4)(a), Florida Statutes. '
(g) Time Limits. As provided by section 390.01115(4)(b), Florida Statutes:
(1) The court shall rule, and issue written findings of fact and conclusions of law, within 48 hours after the petition . is filed, except that the 48-hour limitation may be extended at the request of the minor.
(2) If the Court fails to rule within the 48-hour period and an extension has not been requested, the petition shall be deemed granted and the notice requirement waived; and the clerk shall place a certificate to this effect in the file.
(h) Transcript; Order and Judgment. As provided by section 390.0115(4)(e), Florida Statutes, a court that conducts proceedings under the statute shall:
(1) provide for a written transcript of all testimony and proceedings;
(2) issue written and specific findings and legal conclusions supporting its decision; and
(3) order that a confidential record of the evidence and the judge’s findings and conclusions be maintained.
(i) Confidentiality. As provided by statute, any information in documents related to the petition which could be used to identify the minor is confidential. So that the minor shall remain anonymous, the court file shall be sealed unless otherwise ordered by the court.
Form 1.999. PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF ABORTION PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF ABORTION
I, , certify that the following statements are true:
(1) The name of the minor is The telephone number and address for confidential notice is.
(2) If the petitioner is someone other than the minor, the name, address and telephone number of the petitioner is ., and the relationship of the petitioner to the minor is
(3)The minor’s date of birth is
(4) The minor is pregnant and notice has not been waived.
(5) The minor desires to terminate her pregnancy without notice to a parent or legal guardian for the following reason(s):
[check any that apply]
*29 _a. The minor is sufficiently mature to decide whether to terminate her pregnancy, as evidenced by:
_b. The minor is a victim of child abuse or sexual abuse by one or both of her parents or guardian.
_ c. Notification of a parent or guardian is not in the best interest of the minor for the following reason(s):
The minor requests that the court enter an order authorizing her to consent to the termination of her pregnancy without notification of a parent or legal guardian.
I understand that I am swearing or affirm-, ing under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:
Signature:
Printed Name:
STATE OF FLORIDA COUNTY OF
Sworn to or affirmed and signed before me' on..by
NOTARY PUBLIC-STATE OF FLORIDA
[Print, type, or stamp commissioned name of notary.]
_Personally known
_Produced identification Type of identification produced
Rule 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
[SUBSECTIONS (a) THROUGH (k) REMAIN UNCHANGED]
(l) Exception. If an unmarried minor or another person on her behalf appeals an order denying a petition for termination of preg-nancyjudicial waiver of parental notice of abortion, the district court of appeal shall render its decision on the appeal as expeditiously as possible and by no later than 10 days from the filing of the notice of appeal. Briefs or oral' argument may be ordered at the discretion of the district court of appeal. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file. The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the petition be granted, the clerk shall furnish the petitioner a certified copy of the decision or clerk’s certificate for delivery to the minor’s' physician. No filing fee shall be required for an appeal of the denial of a waiver of parental notice of abortion. [SUBSECTIONS (m) AND (n), AS WELL AS THE COMMITTEE NOTES, REMAIN UNCHANGED]

. Specifically, Chapter 99-322, Laws of Florida, to be codified, as pertinent here, at section 390.01115, Florida Statutes (1999). See also Chapter 99-321, Laws of Florida.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also Fla. R. Jud. Admin. 2.130(a).