PER CURIAM.
The Family Court Steering Committee has petitioned this Court to consider amendments to the Florida Family Law Forms necessitated by new legislation relating to child support and protection.[1] We have jurisdiction. See art. V, § 2(a), Fla. Const. Because some of this new legislation was only quite recently signed by the Governor and will soon take effect, there exists insufficient time to conduct the general procedures that normally accompany such amendments. Thus, as proposed by the Committee, we adopt on an emergency basis Florida Family Law Forms 12.901(j) (“Notice of Social Security Number”); 12.943 (“Motion to Deviate From Child Support Guidelines”); and 12.980(g) (“Petition for Injunction for Protection Against Repeat Violence”).
As additionally proposed by the Committee, we take this opportunity to also adopt amendments to the Florida Family Law Forms necessitated by this Court’s recent amendments to Florida Family Law Rules of Procedure 12.610 (“Injunctions for Domestic and Repeat Violence”) and 12.615 (“Civil Contempt in Support Matters”). See Amendments to The Florida Family Law Rules of Procedure, 746 So.2d 1073 (Fla.1999). Specifically, we adopt Florida Family Law Forms 12.980(j) (“Motion for Extension of Injunction for Protection Against Domestic Violence or Repeat Violence”); 12.980(k) (“Motion for Modification of Injunction for Protection Against Domestic Violence or Repeat Violence”); 12.960 (“Motion for Civil Contempt/Enforcement”) (formerly form 12.946(a)); 12.961 (“Notice of Hearing on Motion for Contempt in Support Matters (Rule 12.615)”); 12.920(c) (“Notice of Hearing Before General Master”); and 12.921 (“Notice of Hearing (Child Support Enforcement Hearing Officer)”).
We accordingly adopt the amendments to Florida Family Law Forms as set forth in the attached appendix. We direct that these amendments be published in The Florida Bar News, and that any interested person file comments thereon with this Court within sixty days of such publication. These amendments shall become effective upon the filing of this opinion. Additions are indicated by underlining; deletions are indicated by strike-through type.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

*584
APPENDIX

INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.901(3), NOTICE OF SOCIAL SECURITY NUMBER
When should this form be used?
This form must be completed and filed by each party in all paternity, child support, and dissolution of marriage cases, regardless of whether the case involves a minor child(ren) and/or property.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see sections 61.052 and 61.13, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, %0 Florida Family Law Form 12.980(i).
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
NOTICE OF SOCIAL SECURITY NUMBER
I, {full legal name} _, certify that my social security number is _ , as required in section 61.052(7), sections 61.13(9) or (10), section 742.031(3), sections 742.032(1)B(3), and/or sections 742.10(1)B(2), Florida Statutes. My date of birth is
[J one only]
- L This notice is being filed in a dissolution of marriage case in which the parties have no minor children in common.
- 2. This notice is being filed in a paternity or child support case, or in a dissolution of marriage in which the parties have minor children in common. The minor child(ren)’s name(s), date(s) of birth, and social security number(s) is/are:
*585 [[Image here]]
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MASTER 12.920(b), ORDER OF REFERRAL TO GENERAL MASTER and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MASTER
When should these forms be used?
A general master is an attorney appointed by a judge to take testimony and recommend decisions on certain matters connected with a divorce. These recommendations are then reviewed by the judge and are generally approved unless contrary to the law or the facts of the case. The primary purposes of having general masters hear family law matters are to reduce the costs of litigation and to speed up cases. Either party may request that their case, or portions of their case, be heard by a general master by filing Motion for Referral to General Master, % □ Florida Family Law Form 12.920(a). You must also prepare and submit an Order of Referral to General Master, % □ Florida *586 Family Law Form 12.920(b), to submit to the judge assigned to your case.
Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general master. Even in those instances, you may be required to prepare and submit an Order of Referral to General Master, ⅝⅛ □ Florida Family Law Form 12.920(b), to the judge.
Once a general master has been appointed to your case, the general master will assign a time and place for a hearing as soon as reasonably possible after the referral is made. The general master will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled Notice of Hearing Before General Master, ⅝⅛ □ Florida Family Law Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general master) is required to have the notice properly served on the other party.
These forms should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
If you are filing a Motion for Referral to General Master, □ Florida Family Law Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an Order of Referral to General Master, %, □ Florida Family Law Form 12.920(b), and an addressed, stamped envelope for each party in the ease. The judge will then either grant or deny the motion, usually without a hearing.
If you are required to submit a Order of Referral to General Master, ¾ □ Florida Family Law Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the case.
The party who prepares any of these forms must file the original with the clerk of the circuit court. A copy of the motion must be mailed or hand delivered to any other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. For further information, see rule 12.490, Florida Family Law Rules of Procedure.
Special notes ...
IMPORTANT: After the judge refers your case to a general master, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge. However, before you decide to object to an Order of Referral to General Master, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general master. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Master.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, ⅞⅛ □ Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these *587 forms also must put his or her name, address, and telephone number on the hot-tom of the last page of every form he or she helps you complete.
[[Image here]]
NOTICE OF HEARING BEFORE GENERAL MASTER
0⅛ fill in all blanks]
TO:_
There will be a hearing before General Master {name of general master}, _on {date}_, at {time}_m., in Room _ of the-, Courthouse, on the following issues: __ _____ hour(s)/_minutes have been reserved for this hearing.
If the matter before the General Master is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
PLEASE GOVERN YOURSELF ACCORDINGLY.
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding,
you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name} _,
{address} _:_, {telephone} -,
within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MASTER, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS, OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW. YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:
_ a. electronic recording is provided by the court. A party may provide a court reporter at that party’s expense.
_ b. a court reporter is provided by the court.
If you are represented by an attorney or plan to retain‘an attorney for this matter you should notify the attorney of this hearing.
*588 If this matter is resolved, the moving party shall contact the General Master’s Office to cancel this hearing.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [/& fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _, {phone} _, helped {name} _, who is the [/ one only] _ petitioner or _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
When should this form be used?
A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.
Use this form anytime you have set a hearing before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. For further information, See rule 12.941, Florida Family Law Rules of Procedure.
Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be ap *589 pointed to serve as a general master. If your case involves only child support issues, your case properly may be referred to a general master acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, % □ Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
TO: {name of other party} _
There will be a hearing before Child Support Enforcement Hearing Officer {name}_, on {date}_, at {time}_m., in Room_ of the_ County Courthouse, on the following issues: _ _hour(s)/_minutes have been reserved for this hearing.
If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
This part to be filled out by the court or filled in with information you have obtained from the court:
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _ {address} _ {telephone} _ within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the hearing officer’s office to cancel this hearing.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated: _
*590 Signature of Party-
Printed Name: _._
Address: _
City, State, Zip: _
Telephone Number:_
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [¾ □ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} ___, {phone} _, helped {name} _, who is the [ / one only] _ petitioner or _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
When should this form be used?
Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form only if you want the court to order more child support or less child support than the amount required by the child support guidelines.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. For further information, see section 61.30, Florida Statutes
Special notes ...
More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to Florida Family Law Financial Affidavit, □ Florida Family Law Form 12.901(d) or (e), and the Child Support Guidelines Worksheet, % □ Florida Family Law Form 12.901(g).
With this form you must also file the following, if not already filed:
• Florida Family Law Financial Affidavit, %. □ Florida Family Law Form 12.901(d) or (e).
• Child Support Guidelines Worksheet,
¾ □ Florida Family Law Form 12.901(g). (If you do not know the other party’s income, you should file this worksheet as soon as you receive a copy of his or her financial affidavit.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, ⅞ □ Florida Family Law *591 Form 12.900, before he or she helps you.A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES
( ) Petitioner ( ) Respondent requests that the Court enter an order granting the following:
SECTION I
[/ one only]
_ a. MORE child support than the amount required by the child support guidelines. The Court should order MORE child support than the amount required by the child support guidelines because of:
[/ all that apply to your situation]
_ 1. Extraordinary medical, psychological, educational, or dental expenses;
_ 2. Seasonal variations in one or both parent’s income;
_ 3. Age(s) of the children), taking into consideration the greater needs of older child(ren);
_ 4. Special needs that have been met traditionally within the family budget even though the fulfilling of those needs will cause support to exceed the guidelines;
_ 5. Refusal of the -nonresidential — parent—to-become—involved in the activities of the children);
The amount of time each child will spend with each parent under the shared parental arrangement;
_ 6. Due-consideration- given to the primary residential parent’s homemaking services;
The direct and indirect financial expenses for each child as set forth in s. 61.30(ll)(b)3, Florida Statutes;
_ 7. Total available assets of mother, father, and child(ren);
_ 8. Impact of IRS dependency exemption and waiver of that exemption;
_ 9. Residency of subsequently born or adopted children) with the obligor, including consideration of the subsequent spouse’s income; and/or
_ 10. The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a), Florida Statutes;
_ 11. The station in life of each parent and each child;
_ 12. The standard of living experienced by the entire family during the marriage;
_ 13. The financial status and ability of each parent; and/or
_ -3A14. Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses jointly incurred during the marriage.
Explain any items marked above: _
b. LESS child support than the amount required by the child support guidelines. The Court should order LESS child support than the amount required by the child support guidelines because of:
*592 [/ all that apply to your situation]
_ 1. Extraordinary medical, psychological, educational, or dental expenses;
_ 2. Independent income of children), excluding the child(ren)’s SSI income;
_ 3. Payment of both child support and spousal support to a parent that regularly has been paid and for which there is a demonstrated need;
_ 4. Seasonal variations in one or both parent’s income;
_ 5. Age of the children), taking into consideration the greater needs of older child(ren);
_ 6. The child(ren)- spend(s) a-substantial amount of time with the nonresidential parent, thereby reducing'expenses of-the-primary-residential parent; The amount of time each child will spend with each parent under the shared parental arrangement;
_ 7. Due consideration'given to the-primary'--residential-parent’s homemaking services;
The direct and indirect financial expenses for each child as set forth in s. 61.30(ll)(b), Florida Statutes;
_ 8. Visitation with nonresidenti-al.parent-for-m&re---than--28-conseeutive days; The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a), Florida Statutes;
_ 9. Total available assets of obligee, obligor, and child(ren);
_ 10. Impact of IRS dependency exemption and waiver of that exemption;
_ 11. Application of the child support guidelines requires the obligor to pay more than 55% of gross income for a single support order; and/or
_ 12. The station in life of each parent and each child;
_ 13. The standard of living experienced by the entire family during the marriage;
_ 14. The financial status and ability of each parent; and/or
_ 1⅝15. Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses jointly incurred during the marriage.
Explain any items marked above: _
SECTION II. INCOME AND ASSETS OF CHILD(REN) COMMON TO BOTH PARTIES
List the total of any independent income or assets of the ehild(ren) common to both parties (income from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an explanation.
TOTAL VALUE OF ASSETS OF CHILD(REN) $_
TOTAL MONTHLY INCOME OF CHILB(REN) $_
SECTION HI. EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
All amounts must be MONTHLY. See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under “other” should be listed separately with separate dollar amounts.
1. Monthly nursery, babysitting, or other child care 1. $.
2. Monthly after-school care 2. $.
3. Monthly school tuition 3. $_
4. Monthly school supplies, books, and fees 4. $.
5. Monthly after-school activities 5. $.
6. Monthly lunch money 6. $.
7. Monthly private lessons/tutoring 7. $.
8. Monthly allowance 8. $.
9. Monthly clothing 9. $.
10. Monthly uniforms 10. $.
11. Monthly entertainment (movies, birthday parties, etc.) 11. $.
12. Monthly health and dental insurance premiums 12. $_
13. Monthly medical, dental, prescription charges (unreim-bursed) 13. $.
14. Monthly psychiatric/psyehological/counselor (unreimbursed) 14. $.
*593 15. Monthly orthodontic (unreimbursed) 15. $.
16. Monthly grooming 16. $.
17. Monthly non-prescription medications/eosmetics/toilet-ries/sundries 17. $.
18. Monthly gifts from children to others (other children, relatives, teachers, etc.) 18. $.
19. Monthly camp or other summer activities 19. $.
20. Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees 20. $.
21. Monthly visitation expenses (for nonresidential parent) 21. $_
Explain: _
22. Monthly insurance (life, etc.) {explain}: _ 22. $_
Other {explain}:
23. _ 23. $,
24. _ 24. $.
25. _ 25. $.
26. TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES
(add lines 1 through 25) 26. $.
I have filed, will file, or am filing with this form the following additional documents:
1. Florida Family Law Financial Affidavit, ⅛ □ Florida Family Law Form 12.901(d) or (e).
2. Child Support Guidelines Worksheet, «⅛ □ Florida Family Law Form 12.901(g).
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} .
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _ _:-
Signature
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
Sworn to or affirmed and signed before me on_by-
CLERK OF THE CIRCUIT COURT
By: -
Deputy Clerk
_ Personally known
_ Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [⅜ Dfill in all blanks]
I, {full legal name and trade name of nonlawyer} -, a nonlawyer, located at {street} _, {city} -, {state} _, {phone} _, helped {name} -, who is the [ / one only] _ petitioner or _ respondent, fill out this form.
*594 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.946(⅜)960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
When should this form be used?
You may use this form to ask the court to enforce a prior court order or final judgment.
What should I do next?
To initiate a civil contempt/enforcement proceeding against a party who is not complying with a prior court order, you must file a motion with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public. You should then file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
A copy of this form must be personally served by a sheriff or private process server or mailed* or hand delivered to any other party(ies) in your case. * Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, ⅛ O Florida Family Law Form 12.910(a).
The court will then set a hearing. You should check with the clerk of court, judicial assistant, or family law intake staff for information on the local procedure for scheduling a hearing. Once you know the time and date of the hearing, you will need to complete Notice of Hearing on Motion for Contempt (General), % □ Florida Family Law Form 12.923961, or, if applicable, Notice of Hearing (Child Support Enforcement Hearing Officer), % □ Florida Family Law Form 12.921, or Order of Referral to General Master, ⅜⅛ □ Florida Family Law Form 12.920(b), which will specify a time and place for a hearing on the issue. A copy of this form must be mailed or hand delivered to the other party. Again, if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should have the notice personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, ⅛. O Florida Family Law Form 12.910(a).
At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order. Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order. If he or she is unable to do so, the judge may find the other party to be in contempt. If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys’ fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, ⅞⅝ □ Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these *595 forms also must put his or her name, address, and telephone number on the hot-tom of the last page of every form he or she helps you complete.
[[Image here]]
MOTION FOR CIVIL CONTEMPT/ENFORCEMENT
( ) Petitioner ( ) Respondent requests that the Court enter an order of civil contempt/enforcement against ( ) Petitioner ( ) Respondent in this case because:
[[Image here]]
*596 [[Image here]]
*597 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.961, NOTICE OF HEARING ON MOTION FOR CONTEMPT
When should this form be used?
Use this form anytime you have set a hearing on a Motion for Contempt, ⅝⅛ □ Florida Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the judge or hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.
If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement hearing officer is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of child support, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a general master, you should use Notice of Hearing Before General Master, ⅝⅛ O Florida Family Law Form 12.920(c).
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your case was filed and keep a copy for your records.
What should I do next?
A copy of this form must be personally served by a sheriff or private process server or mailed or hand delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, ⅞⅛ □ Florida Family Law Form 12.910(a).
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. For further information, see rules 12.615 and 12,941, Florida Family Law Rules of Procedure.
Special notes ...
An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general master. If your case involves only child support issues, your case properly may be referred to a general master acting as a child support enforcement hearing officer.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, y O Florida Family Law Form 12.900, before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*598 [[Image here]]
NOTICE OF HEARING ON MOTION FOR CONTEMPT IN SUPPORT MATTERS (RULE 12.615)
TO: {name of other party} _
There will be a hearing before_ {name of judge or hearing officer}, on {date} _, at {time} m., in room of the Courthouse, on the ( ) Petitioner’s ( ) Respondent’s Motion for Contempt on support matters. hour(s)/ minutes have been reserved for this hearing.
FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.
This part to be filled out by the court or to be filled in with information you obtained from the court:
If yon are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact
{name} _, {address} _, {telephone} _, within 2 working days of your receipt of this Notice of Hearing. If you are hearing or voice impaired, call TDD 1-800-955-8771.
If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.
If this matter is resolved, the moving party shall contact the judge or hearing officer’s office to cancel this hearing.
I certify that a copy of this document was [J one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date} _,
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
Dated:_
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [⅞⅝. □ fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state} _., {phone} _, helped {name} _, who is the 17 one only] _ petitioner or _ respondent, fill out this form.
*599 INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(g), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
When should this form be used?
If you or a member of your immediate family are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, battery, sexual battery, or stalking. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence,
% d Florida Family Law Form 12.980(b), rather than this form.
If you are under the age of eighteen and have never been mamed-or-had the-disabilities of-noBagQ-removed-bya-courtr&ne of — your- ■parents — or—your legal.guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, % □ Florida Family Law Form 12.980(i). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the tempo *600 rary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence, □ Florida Family Law Form 12.980(m), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, % □ Florida Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. The words that are in “bold underline ” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
[[Image here]]
PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
I, {full legal name} _, being sworn, certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed.)
1. Petitioner currently lives at: {address, city, state, zip code} _
[y if applies]
_ Petitioner seeks an injunction for protection on behalf of a minor child. Petitioner is the parent or legal guardian of {full legal name}
a minor child who ( ) is ( ) is not living at home.
2. Filing Fees
[ / one only]
*601 [[Image here]]
*602 [[Image here]]
I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.
I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION *603 AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.
Dated: _
Signature of Petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced_
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.9800), SUPPLEMENTAL PETITION MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence or repeat violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a petition motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your petition motion. You must properly notify the other party of the petition motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), % □ Florida Family Law Form 12.928, or other appropriate notice of hearing form. You will need to use personal service-to-deiiver serve a copy of your petition motion and Notice of Hearing to the respondent other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. * Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, ⅝⅛ Ü Florida Family Law Form 12.910(a).
You will need to appear at the hearing on your petition motion. After the hearing, if *604 the judge grants your petition motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence or Repeat Violence, ¾ □ Florida Family Law Form 12.980(n). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. The words that are in “bold underline ” are defined is in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.
Special notes ...
With this form you may also file the following:
• Petitioner’ s Request for Confidential Filing of Address, ⅞⅛ □ Florida Family Law Form 12.980(£), if your petition is for protection against domestic violence and you wish to keep your address confidential.
• When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
[[Image here]]
SUPPLEMENTAL PETITION MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
I, {full legal name}-, being sworn, certify that the following statements are true:
SECTION I. PETITIONER (This section is about you. It must be completed. However, if this is a domestic violence case and you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner’s Request for Confidential Filing of Address, ⅛ □ Florida Family Law Form 12.980(f), and write “confidential” in the space provided on this form for your address and telephone number.)
1. Petitioner currently lives at: {street address} -
{city, state and zip code} -
Telephone Number: {area code and number} -
& Filing Fees
[-■/-one-only-]
= a. Petitioner — is-paying the filing-fee' and sheriff’s-(or-other authorized law enforcement ■agency’s-j-service fees.
= b. Petitioner-does-not have enough money to pay the filing fee or service-fees and files an-Affidavit and Motion for Waiver of Foos, ⅜- □ “Florida- Family Law-Form — 12.980(a),- and.a — F-mancial Affidavit, ⅛ □ Florida Family Law Form 12.901(d) or (e)-. Petitioner asks-that he/she not have to pay the -fees-necessary to process-the petition and serve the injunction-and any motions'or orders needed to enforce the injunction,-subject to later order(s) of the Court about the payment of such fees,
*605 [[Image here]]
*606 I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) mailed by certified mail, return receipt requested, () furnished to a law enforcement officer for personal service to the person(s) listed below on $date$
Other party or his/her attorney:
Name: _
Address: -
City, State, Zip: -
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this supplemental petition motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
Signature of Petitioner
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC DEPUTY-CLERK
[Print, type, or stamp commissioned name of notary or clerk]
_ Personally known
_ Produced identification
Type of identification produced_
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.980(k), SUPPLEMENTAL PETITION MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE OR REPEAT VIOLENCE
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence or repeat violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a petition motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your petition motion. You must properly notify the other party of the petition motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), % □ Florida Family Law Form 12.923, or other appropriate notice of hearing form. You will need to use personal service to deliver serve a copy of your petition motion and Notice of Hearing to the respondent other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. * Please note that if notice is *607 mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, ¾ □ Florida Family Law Form 12.910(a).
You will need to appear at a hearing on your petitionmotion for modification of injunction. After the hearing, if the judge grants your supplemental petitionmotion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. The words that are in “bold underline ” are defined is in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor child(ren), or child support, you must establish that there has been a substantial change in circumstance(s), as required by chapters 61, F.S., or 741, F.S., as applicable, that requires this (these) modification(s). Be sure that you make these substantial change(s) clear in your supplemental petition motion.
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, ⅜⅛ □ Florida Family Law Form 12.980(i), if your petition is for domestic violence and you wish to keep your address confidential.
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, % □ Florida Family Law Form 12.901(f), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor children).
• Financial Affidavit, % □ Florida Family Law Form 12.901(d) or (e), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.
• When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
[[Image here]]
*608 [[Image here]]
*609 [[Image here]]

. Specifically, Chapter 99-375, Laws of Florida, which relates to child support, was approved by the governor on June 17, 1999, and takes effect on July 1, 1999; Chapter 99-359, Laws of Florida, which also relates to child support, was approved by the governor on June 17, 1999, and takes effect on October 1, 1999; and Chapter 99-193, Laws of Florida, which relates to child protection, was approved by the governor on May 26, 1999, and takes effect on July 1, 1999.
The Committee also proposes that we amend the Florida Family Law Forms under Chapter 99-322, Laws of Florida, which relates to judicial waiver of parental notice of abortion, was approved by the governor on June 11, 1999, and takes effect on July 1, 1999. We reject this proposal because, in response to this new legislation, we have already sua sponte adopted a rule of civil procedure, a form for use with the rules of civil procedure, and a rule of appellate procedure. See Amendments to the Florida Rules of Civil Procedure; Forms for Use with Rules of Civil Procedure; and the Florida Rules of Appellate Procedure — Judicial Waiver of Parental Notice of Abortion, 756 So.2d 27 (Fla.1999).